UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENYA D. CROCKEN-WAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-505** |
| **ITT EDUCATIONAL SERVICES, INC.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant ITT Educational Services, Inc.'s ("Defendant" or "ITT") Motion to Dismiss,[1] wherein it requests that this Court dismiss Plaintiff Kenya D. Crocken-Waugh's ("Plaintiff") La. Rev. Stat § 23:967(A)(1) and (3) retaliation claims to the extent they are predicated on alleged violations of federal law by Defendant. After considering the pending motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the motion.

## I. Background

### *A. Factual Background*

In the complaint, Plaintiff explains that Defendant, a publically traded for-profit educational institution, finances itself through federal and state subsidized loans.[2] To retain this source of funding, Defendant must meet certain state and federal mandated requirements. For instance under state law, a student must retain a minimum grade point average in order to qualify for financial aid, which in turn is paid to Defendant.[3]

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1 at ¶¶ 3-4.

[3] *Id.* at ¶ 8.

On March 17, 2004, Plaintiff was hired to serve as the Dean of Academic Affairs for ITT. While Plaintiff was employed at ITT, another individual, Shelly Thomas ("Thomas") was an ITT instructor and taught courses in a variety of subjects. Plaintiff contends that during one semester, many of Thomas's students failed to attend class, and therefore she was forced to give those students failing grades.[4] Thomas communicated this information to Plaintiff.

Plaintiff alleges that after the ITT Campus Director, William Wells ("Wells"), became aware of this, he told Thomas that she must falsify student attendance records that ITT was required by federal and Louisiana law to provide, which would affect students' GPAs, which in turn would allow the students to retain federal and state aid. According to Plaintiff, Wells ordered Plaintiff to terminate Thomas if she refused to falsify attendance records.[5] Plaintiff claims that she attempted to stop this falsification by disclosing or threatening to disclose the falsification of attendance records. Plaintiff alleges that after she refused to falsify the records, Wells attempted to usurp her authority as academic dean. Plaintiff disclosed these actions at ITT meetings to faculty. Plaintiff claims that Wells actions were caused in part by the incentive bonuses ITT offered him if the campus maintained its desired revenue.[6]  On February 25, 2011, Plaintiff was terminated.

In Plaintiff's first cause of action, she brings claims under the False Claims Act[7] for ITT allegedly causing a false claim to be presented for payment or approval or causing false records to be made or used material to a false or fraudulent claim.

---

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 15.

[6] *Id.* at ¶ 18.

[7] 31 U.S.C. § 3729(a)(1)(A)-(b)

2

In Count Two, Plaintiff seeks relief under La. R.S. 23:967(A)(1) and (3) for the same allegations as alleged above. Plaintiff claims that she was terminated in retaliation for threatening to disclose violations of state and federal law and refusing to participate in those violations.[8]

## *B. Procedural Background*

Plaintiff filed the complaint in this matter on February 24, 2012,[9] and the case was assigned to Judge Carl Barbier, Section "J." ITT filed the pending motion on May 7, 2012.[10] On May 15, 2012, Plaintiff filed an opposition.[11] On May 23, 2012, Defendant, with leave of Court, filed a reply.[12] On June 13, 2012, this matter was transferred to this Section, Section "G," as related to another matter.[13]

## **II. Parties' Arguments**

In support of the pending motion, ITT argues that Plaintiff's claims under La. Rev. Stat. § 23:967 should be dismissed where the allegation is premised on ITT's alleged violation of federal law.[14] ITT restates the statute:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.

---

[8] *Id.* At ¶ 29.

[9] Rec. Doc. 1.

[10] Rec. Doc. 10.

[11] Rec. Doc. 14.

[12] Rec. Doc. 20.

[13] Rec. Doc. 21.

[14] Rec. Doc. 10-1 at p. 3.

3

>(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
>(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

ITT claims that for Plaintiff's state law claims to survive, she must allege that she was terminated in retaliation because she threatened or refused to participate in employment practices that violated Louisiana state laws, not federal law.[15]

In opposition, Plaintiff concedes that § 23:967(A)(1) is limited to violations of state law, but refutes that subsection (A)(3) similarly only applies for violations of state law.[16] Plaintiff argues that subsection (A)(1) clearly makes reference to any "violation of state law," whereas subsections (A)(2) and (A)(3) use the general phrase "violation of law," and therefore are broader than subsection (A)(1).[17]

In reply, "ITT concedes there is a current split between Louisiana district courts – and even between the Magistrate Judges and Judges of this Court – that have looked at this issue of whether La. Rev. Stat. § 23:967 also covers violations of federal law."[18] However, ITT contends that "more recent decisions appear to have started tipping the balance in favor of ITT's position that this statute only applies to violations of Louisiana state law."

ITT states that state court decisions are not necessarily controlling authority on this Court, except when decided by the state's highest court on an issue of state law, but directs the Court to

---

[15] *Id.* (citing *Turner v. Jacobs Eng'g Grp., Inc.*, No. 09–896, 2011 WL 1743624, *6 (M.D. La. May 6, 2011) (the statute "does not prohibit an employer from retaliating against an employee for disclosing or objecting to violations of federal law").

[16] Rec. Doc. 14 at p. 1 n. 1.

[17] *Id.* at p. 5.

[18] Rec. Doc. 20 at p. 1.

several cases from the Louisiana Court of Appeal for the Fourth Circuit that hold that under this statute, a plaintiff must prove a violation of state law, and that a violation of federal law will not suffice.[19]

### III. Law and Analysis

The narrow issue before this Court is whether La. Rev. Stat. § 23:967(A)(3) allows a plaintiff a cause of action for being terminated in retaliation for refusing to participate in actions in violation of federal law. No party has pointed this Court to binding authority directly confronting this issue. However, the Louisiana Court of Appeal for the Fourth Circuit has directly addressed this issue, and held on two occasions that subsection (A)(3) only applies when there are alleged violations of state law.[20] In *Hale v. Touro Infirmary*,[21] the Louisiana Court of Appeal for the Fourth Circuit rejected the exact same argument made by Plaintiff here that subsection (A)(3) applies to state and federal violations:

> We further agree that the violation of law in question must be that of a state statute. The first subsection [(A)(1)] detailing under what circumstances an employer may not take "reprisals" clearly states that the employee must be aware of a violation of state law. The two subsequent subsections [(A)(2) and (3)] prohibit reprisals against employees who not only know of the violation and report it to their employers, but who also testify before public bodies or simply refuse to participate in the illegal activity. Although the language of the statute is inconsistent, the interpretation that is supported by the structure and that fits best into the framework of the statute is one that holds the statute to its most specific terms, i.e., violations of state law only.[22]

---

[19] *Id.* at pp. 3-4 (citing *Beard v. Seacost Elec., Inc.*, 2006-1244 (La. App. 4 Cir. 1/24/07); 951 So.2d 1168 ; *Hale v. Touro Infirmary*, 04-0003 (La. App. 4 Cir. 11/3/04); 886 So.2d 1210).

[20] *Hale,* 886 So.2d at 1216; *Beard*, So.2d at 1170-71.

[21] 886 So.2d at 1210.

[22] *Id.* at 1216.

5

While these decisions are not binding, they are persuasive and give this Court a good indication of how the Louisiana Supreme Court may rule. The Court has not found any other Louisiana intermediate appellate court that was taken the opposite view on this issue.

In *In re Whitaker Construction Co.*,[23] the United States Fifth Circuit Court of Appeal acknowledged:

> It is axiomatic that as an *Erie* court we attempt to discern how Louisiana's highest court would resolve the issue at hand. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (emphasizing that federal courts cannot make common law on matters reserved to the states). That doctrine is no less applicable where, as here, we are addressing an unsettled area of Louisiana law. It is incumbent upon us to avoid creating new rights and remedies in Louisiana state law where we lack express statutory authority or clear directive from the Louisiana Supreme Court.[24]

Here, without guidance from the Louisiana Supreme Court, to extend the application of this statute to violations of federal law would create new rights for plaintiffs without express statutory authority or a clear directive. This Court declines to take such action. Therefore, Plaintiff may only assert claims under La. Rev. Stat. § 23:967(A)(1) and (3) that arise from underlying violations of state law.

### IV. Conclusion

For the above-stated reasons, this Court finds that Plaintiff may only assert a cause of action under La. Rev. Stat. § 23:967(A)(1) and (3) for claims predicated on the alleged violation of state law, not federal law. Accordingly,

**IT IS HEREBY ORDERED** that ITT's Motion to Dismiss[25] is **GRANTED** and all Plaintiff's claims arising under La. Rev. Stat. § 23:967(A)(1) and (3) predicated on alleged

---

[23] 411 F.3d 197 (5 th Cir. 2005).

[24] *Id.* at 209 n. 4.

[25] Rec. Doc. 10.

violations of federal law are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  6th  day of February, 2013.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**