UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENYA D. CROCKEN-WAUGH**             **CIVIL ACTION**

**VERSUS**             **NO. 12-505**

**ITT EDUCATIONAL SERVICES, INC.**             **SECTION: "G"(3)**

## ORDER AND REASONS

Before the Court is Plaintiff Kenya D. Crocken-Waugh's ("Plaintiff") Notice and Motion of Interlocutory Appeal,[1] wherein Plaintiff seeks an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1292 regarding this Court's February 6, 2013 Order and Reasons, which granted Defendant ITT Educational Services, Inc.'s ("ITT") motion regarding Plaintiff's La. Rev. Stat. § 23:967(A)(3) retaliation claims to the extent they are predicted on violations of federal law, rather than state law, by ITT.[2] Plaintiff has conceded that her La. Rev. Stat. § 23:967(A)(1) claim, also addressed in the motion, is limited to violations of state law.[3] Plaintiff's sole stated ground for seeking an interlocutory appeal is that she believes "there is sufficient evidence that the ruling was erroneous," but provides no further explanation.[4]

In *Matter of Ichinose*,[5] the Fifth Circuit instructed that a district court should only grant an interlocutory appeal when:

---

[1] Rec. Doc. 26.

[2] Order and Reasons, Rec. Doc. 23 at pp. 6-7.

[3] Rec. Doc. 14 at p. 1 n.1.

[4] Rec. Doc. 26.

[5] 946 F.2d 1169 (5th Cir. 1991).

> (1) a controlling issue of law [is] involved; (2) the question [is] one where there is substantial ground for difference of opinion; and (3) an immediate appeal [will] materially advance the ultimate termination of the litigation.[6]

The narrow issue before this Court was whether La. Rev. Stat. § 23:967(A)(3) allows a plaintiff a cause of action for being terminated in retaliation for refusing to participate in actions in violation of federal law. In *Hale v. Touro Infirmary*,[7] the Louisiana Court of Appeal for the Fourth Circuit rejected the exact argument made by Plaintiff here, that subsection (A)(3) applies to state and federal violations.[8] While Plaintiff may not like the decision in *Hale*, this Court's recognition of the Louisiana Fourth Circuit Court of Appeal's decision in *Hale* is consistent with the United States Fifth Circuit Court of Appeals' jurisprudence, which has held that courts within this Circuit are "*Erie*-bound to apply the law as it has been interpreted by the highest state court to rule on the matter," and "[o]ften an intermediate appellate court's view of the applicable law is authoritative."[9] In fact, "[a] federal court sitting in diversity is bound to follow decisions of the state's intermediate appellate courts unless it is 'convinced by other persuasive data that the highest court of the state would decide otherwise.'"[10]

In *In re Whitaker Construction, Co.*,[11] the United States Fifth Circuit Court of Appeals stated that:

---

[6] *Id.* at 1177.

[7] 2004-0003 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210.

[8] *Id.* at 1216.

[9] *Birmingham Fire Ins. Co. of Pa. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 550 (5th Cir. 1983).

[10] *Exxon Co., U.S.A., a Div. of Exxon Corp. v. Banque de Paris Et Des Pays-Bas*, 889 F.2d 674, 677 (5th Cir. 1989) (quoting *West v. AT & T*, 311 U.S. 223, 237 (1940)).

[11] 411 F.3d 197 (5th Cir. 2005).

> [i]t is axiomatic that as an Erie court we attempt to discern how Louisiana's highest court would resolve the issue at hand. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (emphasizing that federal courts cannot make common law on matters reserved to the states). That doctrine is no less applicable where, as here, we are addressing an unsettled area of Louisiana law. It is incumbent upon us to avoid creating new rights and remedies in Louisiana state law where we lack express statutory authority or clear directive from the Louisiana Supreme Court.[12]

Therefore, in deciding to grant the motion, the Court declined to extend the application of La. Rev. Stat. § 23:967(A)(3) to violations of federal law because that would have created "new rights for plaintiffs without express statutory authority or a clear directive," from the Louisiana Supreme Court, which would be in direct contravention of the Fifth Circuit's directive in *In re Whitaker Construction Co.*[13]

Accordingly, in applying the factors listed in *Matter of Ichinose*, although Plaintiff's request may involve a controlling issue of law, it is expressly not one in the purview of a federal court sitting in diversity to decide, but one reserved for the state. Further, although there may be grounds for difference of opinion on the issue, the Louisiana Fourth Circuit Court of Appeal has directly addressed the precise issue raised here and expressly rejected Plaintiff's argument, and neither the Louisiana Supreme Court or any other Louisiana appellate court has decided the issue differently. Finally, Plaintiff's request fails to satisfy the third requirement for an interlocutory appeal, that an immediate appeal will materially advance the ultimate termination of the litigation, because her primary claim was made pursuant to the False Claims Act[14] for Defendant allegedly causing a false claim to be presented for payment or approval or causing false records to be made or used material

---

[12] *Id.* at 209 n. 4.

[13] *Id.*

[14] 31 U.S.C. § 3729(a)(1)(A)-(B).

to a false or fraudulent claim, which is not affected by the resolution of the issue here. As such, an interlocutory appeal will not materially advance this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Interlocutory Appeal[15] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 17th day of July, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[15] Rec. Doc. 26.